BEFORE THE SECOND DIVISION, MARCH 20, 1953

No. 57187.—Universal Importing Corp. *v.* United States, petition 6915–R (New York).

RAO, Judge:   This is a petition for the remission of additional duties assessed pursuant to the provisions of section 489 of the Tariff Act of 1930 by reason of the fact that the appraised values of certain imported decorated china tableware exceeded the entered values of said merchandise.

At the trial, Mr. Harry Morris Snelwar, president and general manager of Universal Importing Co., a firm engaged in the business of importing chinaware and porcelain from Europe, testified on behalf of petitioner.   His testimony is not controverted and establishes substantially the following facts:

The merchandise covered by the invoice before the court in this proceeding was contracted for, paid for, and entered at the invoice prices.   The instant shipment was one of a series of importations of identical merchandise, there being over one hundred such importations, and the broker who made the entries had standing instructions to enter as invoiced, after submitting a request for information to the examiner.   Some time after the initial entries were made, but prior to this importation, a question arose as to whether there was a foreign value for this merchandise, and appraisements of all of the entries were withheld pending an investigation.   Petitioner cooperated to the fullest extent with the customs agent who made the investigation and also with Examiners Gross and Teuscher.   All of the information which petitioner possessed concerning these entries was freely and wholeheartedly furnished to these customs officials.   As stated by the witness, "we helped them very considerably."

In view of the investigation, petitioner decided to enter these shipments under bond at the invoice values, intending, when the customs officials obtained the proper figures, to amend the entries in accordance therewith, and pay the additional duties.   This intention was carried out with respect to all of the entries covering identical merchandise with the exception of the instant one.   The failure to amend in this case was "a complete oversight" on the part of the customs broker, possibly occasioned by the fact that this entry was a warehouse entry, and the merchandise, the value of which was in dispute, was included on invoices covering a great variety of other articles which were appraised as entered.

An appeal for reappraisement was filed but subsequently abandoned when the foreign manufacturer supplied information which was requested by petitioner.

An examination of the record in this case convinces us that petitioner made a complete and candid disclosure of all facts in its possession bearing upon the question of the proper value of its merchandise, and cooperated fully with the customs officials concerned with these importations.   It is fairly inferable that the appraiser relied upon the information received from petitioner in making advances over the entered values.   The failure of petitioner or its broker to file an amendment in this case, under all of the circumstances here detailed, seems clearly what the witness described it to be, namely, "a complete oversight" on the part of the broker.   We are satisfied, therefore, that the entry of the instant merchandise at values less than those returned upon final appraisement was without any intention to defraud the revenues of the United States, to conceal

or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. The petition is therefore granted.

Judgment will be entered accordingly.